UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ARON FELBERBAUM on behalf of himself and
all other similarly situated consumers

                         Plaintiff,

           -against-

PHILLIPS & COHEN ASSOCIATES, LTD. &
PCA ACQUISITIONS V, LLC D/B/A
PORTFOLIO ASSET GROUP

                      Defendants.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, Aron Felberbaum, brings this action against Phillips & Cohen Associates, Ltd. & PCA Acquisitions V, LLC d/b/a Portfolio Asset Group for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant Phillips & Cohen Associates, Ltd's principal place of business is located in Wilmington, Delaware.

5.     Upon information and belief, Defendant PCA Acquisitions V, LLC d/b/a Portfolio Asset Group's principal place of business is also located in Wilmington, Delaware.

6.     Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.     Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Jurisdiction and Venue

8.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Aron Felberbaum

10.    Defendant Portfolio Asset Group hired Defendant Phillips & Cohen Associates to collect the debt on its behalf.

11.    Portfolio Asset Group uses the instrumentality of interstate commerce as well as the mails in its business which the principal purpose of which is the collection of debts.

12.    Portfolio Asset Group regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13.    The principal purpose of Portfolio Asset Group's business is the purchase of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

14.    Portfolio Asset Group purchased Plaintiff's defaulted debt from Synchrony Bank, placed it with Phillips & Cohen Associates, and sought to collect on it.

15.     Portfolio Asset Group uses the mail in purchasing defaulted consumer debts, usually at a significant discount to their face value, and then seeks to collect on such debts.

16.     Portfolio Asset Group, directed, controlled and instructed Phillips & Cohen Associates to use collection letters and phone messages when communicating with the Plaintiff.[1]

17.     Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

18.     On or about June 21, 2016, Phillips & Cohen Associates sent the Plaintiff a collection letter on behalf of its client, Portfolio Asset Group.

19.     The said June 21, 2016 letter was an effort to collect on a consumer debt.

20.     The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

21.     The Second Circuit stated in Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 74 (2d Cir. 2016)

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

22.     The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance may increase due to interest and fees".

23.     However if the "Current Balance Owing" will never increase and the holder of the debt

---

[1] Janetos v. Fulton Friedman & Gullace, LLP, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *19 (7th Cir. Apr. 7, 2016). ("A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself. Like the Third Circuit, we think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf.")

will <u>always</u> accept payment of the amount set forth in full satisfaction of the debt then the

Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance <u>may</u> increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

24.     The Second Circuit in *Avila* did not "hold that a debt collector must use any particular

disclaimer" *Id.*

25.     However, the Second Circuit did address all the possible scenarios: 1) If the "current

balance" <u>could</u> increase over time, then the collection notice must disclose that the

"balance <u>might</u> increase due to interest and fees". *Id*. 2) If the "current balance" is

<u>currently</u> increasing, then the collection notice must disclose that the amount of the debt

stated, "in the letter <u>will</u> increase over time". *Id*. 3) If the "current balance" will never

increase and the debt collector is always willing to accept this "specified amount" in "full

satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt

collector is willing to accept a "specified amount" in full satisfaction of the debt <u>only</u> if

payment is made by a specific date, then the debt collector must simplify the consumer's

understanding by so stating, while advising that the amount due <u>could</u> increase by the

accrual of additional interest or fees if payment is not received by that date.

26.     In this case, the "Current Balance Owing" was increasing due to interest per the

creditor's contract.  Nevertheless, the collection notice did not disclose that the amount of

the debt stated in the letter "could" or "will" increase over time.

27.     The Plaintiff, as well as the "least sophisticated consumer" was unsure as to whether or

not the said account was accruing interest.

28.   The "Current Balance Owing" in this case was for an amount that included original principal, fees, and contractual interest.

29.   The Plaintiff was left uncertain as to whether the "Current Balance Owing" was accruing interest as there was no disclosure that indicated otherwise.

30.   The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

31.   Prior to the acquisition and subsequent collection by the Defendants, of the said Synchrony Bank (f/k/a GE Capital Retail Bank) account, the account was previously being collected by Advanced Call Center Technologies, LLC, ("ACCT" )who had also sent a letter to the Plaintiff on or about August 31, 2013.

32.   The account balance stated in the August 31, 2013 letter from ACCT was $13,896.00, and in addition to that balance, interest was accruing daily as evident from the Phillips & Cohen June 21st letter, which reflected an increase in the balance to an amount of $14,434.65.

33.   A reasonable consumer could be misled into believing that he or she could pay his or her debt in full by paying the amount as listed in the June 21, 2016 letter.

34.   In fact, however, since as shown by the difference in the amount between the June 21, 2016 letter and the new increased amount in the June 21, 2016 letter, which reflected that

interest was accruing daily, a consumer who pays the balance due as stated in the letter, would be left unaware as to whether or not the debt has been paid in full.

35.     The debt collector could still seek the interest and fees that had accumulated after the notice was sent, but before the balance was paid, or sell the consumer's debt to a third party, who itself could seek the post charge-off interest and fees from the consumer.[2]

36.     Where a debt collector mails a debtor various different letters which show that interest is accruing daily, yet the debt collector "is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date [it must] simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date."[3] However, if the debt collector intended on waiving the interest accruing it must clearly state that the interest is being waived.

37.     The said collection letters at issue were increasing daily due to interest, but the June 21, 2016 letter specifically, failed to disclose that the balance would continue to increase due to interest and fees, or in the alternative, the June 21, 2016 letter failed to disclose that the balance was actually <u>not</u> increasing due to the interest being waived.

38.     In any event, Defendant's said June 21, 2016 letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

> Absent a disclosure by the holder of the debt that the interest accruing since the previous letter is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer.[4]

---

[2] See *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

[3] *id*.

[4] *Avila*, at *10-11.

39. Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

40. At the bare minimum, a debt collector must make clear even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

41. A debt collector must disclose, that the balance due may change over time.

42. To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

43. If the "Current Balance Owing," will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will <u>always</u> accept payment of the amount set forth in "full satisfaction" of the debt.

44. Defendant was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest and will always accept this "specified amount" in "full satisfaction" of the debt nonetheless it did not make any of those disclosures in violation of 1692e.

45. If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

46. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the

Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."[5]

47.     Because the statement of the "Current Balance Owing" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly state that the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt.  Id. at 817.

48.     Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

49.     According to the Second Circuit's finding that the "Current Balance Owing" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is.  "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or unwaived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the

---

[5] Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

consumer's debt to a third party, which itself could seek the interest and fees from the consumer."[6]

50.    The 8th Circuit in _Haney v. Portfolio Recovery Assocs._, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

51.    In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract.  The consumer could not know what the real balance is.

52.    The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts.[7]  A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.[8]

53.    Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.  The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

54.    According to the Second Circuit in _Avila_, any debt that <u>was</u> accruing interest and fees would need full and complete disclosure which would either clearly state that the balance "may" or "will" increase over time or clearly state that the debt is "static" and holder of the debt will always accept payment of the amount set forth in "full satisfaction" of the

---

[6] _Avila v. Riexinger & Assocs., LLC_, 817 F.3d 72, 76 (2d Cir. 2016)

[7] _Navillus Tile, Inc. v. Turner Const. Co._, 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003)

[8] _Acumen Re Management Corp. v. General Sec. Nat. Ins. Co._, 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

debt.

55.   The "Current Balance Owing" is for an amount that includes original principal, fees, and contractual interest.

56.   Since interest was accruing on this debt, the collection notice must inform the consumer that the amount of the debt stated in the letter may increase over time.

57.   Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

58.   "None of the letters provided further detail regarding when or how the balance had been calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. *On one hand*, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court finds that Defendants' letters were deceptive as a matter of law.  Courts in other districts have reached the same conclusion on similar facts. The court grants Ms. Snyder's motion for summary judgment on this issue." *Snyder v. Gordon,* No. C11-1379 RAJ, 2012 U.S. Dist. LEXIS 120659, at *8-9 (W.D. Wash. Aug. 24, 2012); *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) ("[I]n considering whether a collection notice violates Section 1692e, we apply the "least sophisticated consumer" standard ... **Under this standard, a collection notice is misleading if it is "open to more than one**

**reasonable interpretation, at least one of which is inaccurate.**")

59. "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest." Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011).

60. The Plaintiff and the least sophisticated consumer could conclude from the said collection letter, that the "Current Balance Owing" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted. However, absent a disclosure by the holder of the debt that clearly stated that the holder of the debt would accept payment of the amount set forth in "full satisfaction" of the debt then even if the debtor pays the "Current Balance Owing" the Defendant and or the creditor *could* still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer.  (Avila, at *10-11.)

61. The said June 21, 2016 letter was deceptive and misleading as it merely identified the

"Current Balance Owing," yet failed to disclose that the balance may increase due to interest and fees.

62.    The Plaintiff was left uncertain as to whether the "Current Balance Owing" was accruing interest as there was no disclosure that indicated otherwise.

63.    A reasonable consumer could read the notice and be misled into believing that he or she could always pay his or her debt in full by paying the amount listed on the notice.

64.    In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "Current Balance Owing" stated on the notice will not know whether the debt has been paid in full.

65.    The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

66.    The statement of a "Current Balance Owing" without notice that the amount is already increasing due to accruing interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his or her account.

67.    The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

68.    Collection notices that state only the "Current Balance Owing," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning

of Section 1692e.

69.   The Plaintiff and the least sophisticated consumer would be led to believe that the "Current Balance Owing" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

70.   A consumer who pays the "Current Balance Owing" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

71.   The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

72.   A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

73.   15 U.S.C. § 1692e provides:

>  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>  (2) The false representation of –
>  the character, amount, or legal status of any debt; or
>
>  (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

74.   Defendants' June 21, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

75. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

76. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

77. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

78. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

79. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

80. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

81. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

82. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

83. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and

permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

84.   This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

85.   The identities of all class members are readily ascertainable from the records of the Defendants and those business and governmental entities on whose behalf it attempts to collect debts.

86.   Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

87.   There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.   The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

88.   The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

89.   The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

90.     This action has been brought, and may properly be maintained, as a class action pursuant
        to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a
        well-defined community interest in the litigation:

    (a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges,
            that the Plaintiff's Class defined above is so numerous that joinder of all
            members would be impractical.

    (b)     **Common Questions Predominate:** Common questions of law and fact exist
            as to all members of the Plaintiff's Class and those questions predominate
            over any questions or issues involving only individual class members. The
            principal issues are whether the Defendants' communications with the
            Plaintiff, such as the above stated claims, violate provisions of the Fair Debt
            Collection Practices Act.

    (c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class
            members. Plaintiff and all members of the Plaintiff's Class defined in this
            complaint have claims arising out of the Defendants' common uniform
            course of conduct complained of herein.

    (d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of
            the class members insofar as Plaintiff has no interests that are adverse to the
            absent class members. The Plaintiff is committed to vigorously litigating
            this matter. Plaintiff has also retained counsel experienced in handling
            consumer lawsuits, complex legal issues, and class actions. Neither the
            Plaintiff nor his counsel have any interests, which might cause them not to
            vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

91.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

92.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

93.   Further, Defendants have acted, or failed to act, on grounds generally applicable to the
      Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with
      respect to the Class as a whole.

94.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the
      time of class certification motion, seek to certify one or more classes only as to particular
      issues pursuant to Fed. R. Civ. P. 23(c)(4).

### AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of
himself and the members of a class, as against the Defendants.**

95.   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs
      numbered one (1) through ninety four (94) herein with the same force and effect is if the
      same were set forth at length herein.

96.   This cause of action is brought on behalf of Plaintiff and the members of a class.

97.   The class involves all individuals whom Defendants' records reflect resided in the State
      of New York and who were sent a collection letter in substantially the same form letter as
      the letter sent to the Plaintiff on or about June 21, 2016; and (a) the collection letter was
      sent to a consumer seeking payment of a personal debt; and (b) the collection letter was
      not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the
      letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the
      FDCPA for the use of any false representation or deceptive means to collect or attempt to
      collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### Violations of the Fair Debt Collection Practices Act

98.   The Defendants' actions as set forth above in the within complaint violates the Fair Debt
      Collection Practices Act.

99.     Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and

the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this

Court enter judgment in Plaintiff's favor and against the Defendants and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
       April 21, 2017

                                        __/s/ Maxim Maximov_____
                                        Maxim Maximov, Esq.
                                        Attorneys for the Plaintiff
                                        Maxim Maximov, LLP
                                        1701 Avenue P
                                        Brooklyn, New York 11229
                                        Office: (718) 395-3459
                                        Facsimile: (718) 408-9570
                                        E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                        __/s/ Maxim Maximov_____
                                        Maxim Maximov, Esq.